UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Margret Borczyk,** | ) | |
| | ) | No. 11 B 23339 |
| Debtor. | ) | |
| | ) | |

## MEMORANDUM OPINION ON MOTION OF CREDITOR R&J TO VACATE DISCHARGE AND FOR EXTENSION TO FILE OBJECTION OR COMPLAINT PURSUANT TO §§ 523 AND/OR 727

Margaret Borczyk ("Debtor") filed for Bankruptcy under Chapter 7 of the Code on June 1, 2011. On July 15, 2011, R&J Construction Supply Company, Inc. ("Movant") presented its Motion for Rule 2004 Examination of Debtor. By Order of August 16, 2011 that Motion was granted. By that same Order Debtor was ordered to appear for examination by Movant on September 14, 2011. The first date set for the meeting of creditors under § 341(a) was July 13, 2011. No motion was filed to extend the date to object to dischargeability of debt or discharge. On September 13, 2011, Debtor's discharge was entered pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. P. Rule 4004(c).

On September 15, 2011 Movant creditor R&J Construction Supply Company, Inc. ("Movant") filed its pending Motion to Vacate the Discharge and for Extension to File Objection or Complaint Pursuant to §§ 523 and/or 727. For reasons stated below, that Motion is denied by separate order.

An objection to discharge is presented by filing an adversary complaint. Fed. R. Bankr. P. 7001(4). The deadline for filing the complaint is 60 days after the first date set for the creditors meeting required under § 341(a). Fed. R. Bankr. P. 4004(a), 4007(c). Movant argues that the time fixed by Rules for filing an objection to discharge may be extended. Mot. Vacate and Extension to File Obj./Compl. ¶ 5.

However, this power may be extended only if the time limit for filing objections has not expired. Fed. R. Bankr. P. 4004(a), 4007(c). Movant did not file a request for an extension before expiration of that time and therefore that request must be denied.

Because Movant neither filed a timely adversary objecting to discharge nor requested an extension to file an objection before Debtor's Discharge was entered, the Motion for An Extension will be denied by separate order.

Because no lawful basis has been asserted to vacate Debtor's discharge that request is also denied by the same order.

## JURISDICTION

Jurisdiction lies under 28 U.S.C. § 1334, and pursuant to Internal Operating Procedure 15(a) of the U.S. District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## DISCUSSION

### A. Movant Failed to File a Timely Objection to Discharge

1. Rule 4004 Fed. R. Bankr. P.

In Chapter 7 cases, on expiration of the time fixed for objecting to discharge the court is required to grant debtor a discharge absent certain circumstances not applicable here. Fed. R. Bankr. P. 4004(c). The language of the Rule is not discretionary.

Rule 4004(a) requires that "[i]n a Chapter 7 case a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Rule 4004(b) further provides that any request for an extension of time to file such a complaint "shall be filed before the time [provided for in Rule 4004(a)] has expired." In this case, discharge was entered 60 days after the first date set for the creditor's meeting under 11 U.S.C. § 341(a), on September 13, 2011. Movant did not comply with the time limits specified in

Rule 4004(c). Furthermore, Movant cites no authority for setting aside those time limits. It argues that because it has engaged in discovery to see if it could develop a basis to oppose discharge, that impliedly complied with the requirement for timely filing or timely extension. But that discovery filing effort did not give such relief. Therefore, the Motion for Extension cannot be granted.

2. Rule 4007 Fed. R. Bankr. P.

Bankruptcy Rule 4007(c) provides "a complaint to determine dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Although under that rule, the time for filing an objection may be extended upon motion of a party in interest, that motion "shall be filed before the time has expired." Section 523(c) of the Code, in turn, discharges a debtor from debts of a kind specified in paragraphs (2), (4), or (6) of subsection (a) of that section unless the court determines the debts are excepted from discharge after a creditor requests a hearing on the dischargeability. That request must be filed by Adversary Complaint. Fed. R. Bankr. P. 7001(4).

However, Rule 4007(b) does provide that "[a] complaint other than under § 523(c) may be filed at any time." It further allows that "[a] case may be reopened . . . for the purpose of filing a complaint to obtain a determination under this rule." Subsection (b) of § 523 does not contain a time limit for filing a complaint to determine the dischargeability of a type of debt listed as nondischargeable under § 523(a)(1), (3), (5), (7)–(19). Subsection (c) differs from subdivision (b) by imposing a deadline for filing complaints to determine the issue of dischargeability of debts set out in § 523(a)(2), (4) or (6) of the Code. If a complaint is not timely filed, any debt under parts (2), (4), or (6) is discharged. *See* § 523(c). However, this Movant is still permitted to file an objection to bar discharge under § 523(a)(1), (3), (5), (7)–(19) under Rule 4007(b). Such an objection may be filed either in this court by Adversary Complaint or may be presented in a state court. Fed. R. Bankr. P. 4007, Advisory Committee's notes (1983); *see also Siragusa v. Siragusa (In re Siragusa),*

-3-

27 F.3d 406, 408 (9th Cir. 1994). As an extension is not required under that part of the Rule one need not be granted here.

Movant argues that granting a general extension, which it impliedly seeks, to permit objection under § 523(a)(2), (4), or (6) is within the discretion of the Bankruptcy Judge. It cites in support of this argument a decision by this Court involving the time limits found in Rules 4004 and 4007. Mot. Vacate and Extension to File Obj./Compl. ¶ 5 (citing *French, Kezelis & Kominiarek, P.C. v. Carlson (In re Carlson)*, 255 B.R. 22 (Bankr. N.D. Ill. 2000) (Schmetterer, J.)). The issue in that case was whether a creditor was appropriately granted an extension to file an objection when that creditor was named in a motion requesting more time but was not a signatory to that motion. *Id.* at 24. That case is clearly distinguishable, however, as it involved a motion to extend time that was timely filed before the Debtor's discharge. *See id.* at 24–25.

### 3. § 105 Does Not Provide Authority to Grant Movant's Motion

Movant suggests that this Court's Order providing for a Rule 2004 examination of the Debtor to occur on September 14 effectively "tolled the time limitation or extended the time period to file an objection or complaint pursuant to §§ 523 or 727." Mot. Vacate and Extension to File Obj./Compl. ¶ 7. Movant does not provide authority, statutory or otherwise, which would support granting its Motion on that basis. As no provision exists within the Bankruptcy Code or Rules that provides for tolling of deadlines specified this appears to be a request for the exercise of equitable powers to vacate the discharge and grant Movant an extension. However, equitable powers under § 105 "must and can only be exercised within the confines of the bankruptcy code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988). Bankruptcy courts cannot "use equitable principles to disregard unambiguous statutory language." *In re C-L Cartage Co., Inc.*, 899 F.2d 1490, 1494 (6th Cir. 1990). Moreover, §105(a) "may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable

right conferred elsewhere in the Bankruptcy Code." *In re Jamo*, 283 F.3d 392, 403 (1st Cir. 2002). Therefore, where the Code and Rules express a clear limitation on the time to object to discharge, that limitation cannot be overriden using the equitable powers of § 105.

### B. No Cause Is Shown to Vacate Debtor's Discharge

In its Motion, Movant does not specify what rule or code provision authorizes this court to vacate the Debtor's discharge. This request is therefore treated as a motion to vacate discharge under Rule 60(b) Fed. R. Civ. P., incorporated in bankruptcy by Fed. R. Bankr. P. Rule 9024, which provides relief from a final judgment or order on specified possible grounds. Only two of these grounds are potentially applicable in this case. First, subsection (b)(1) allows a court to grant relief for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Second, subsection (b)(6) permits relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Taking each in turn, precedent has limited the use of subsection (b)(1) to those circumstances where a court seeks to correct its own errors. *See Cisneros v. U.S. (In re Cisneros)*, 994 F.2d 1462, 1467 (9th Cir. 1993); *see also In re Starling*, 359 B.R. 901, 916 (Bankr. N.D. Ill. 2007) (Schmetterer, J.). In this case, there was no error in entry of the discharge. No objection was filed nor request for extension of time made before expiration of the 60 day period specified in the Fed. R. Bankr. P. Debtor's discharge was then entered as required by the Bankruptcy Code and Rules 60 days after the first date set for the creditor's § 341(a) meeting.

Similarly, subsection (b)(6) does not provide grounds to vacate the Debtor's discharge. Bankruptcy is designed to give debtors "a fresh start, free from the worries and pressures of oppressive debt." *Nissan Motor Acceptance Corp. v. Daniels (In re Daniels)*, 163 B.R. 893, 897 (Bankr. S.D. Ga. 1994) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 125 (1977)). A discharge order gives finality to the bankruptcy process. *Id.* Allowing creditors, such as Movant, to use Fed. R. Civ. P.

60(b)(6) whenever they miss a deadline would disrupt that finality. *See id.*
Therefore, subsection (b)(6) does not authorize vacating the Debtor's discharge in
this case.

## CONCLUSION

Movant did not file a timely objection to discharge or timely request an
extension of time to file such objection as required by Fed. R. Bank. P. Rules
4004(a)–(b) and 4007(c). In addition, Movant has shown no grounds for vacating the
Debtor's discharge under Fed. R. Civ. P. 60(b)(1) or (6). For these reasons, the Motion is
denied by separate order.

Enter:

_____
United States Bankruptcy Judge
Jack B. Schmetterer

Dated this ___ day of October, 2011.